UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SHERWOOD ASSOCIATES LIMITED PARTNERSHIP, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 1:19-cv-00095-GZS |
| OLANIAN JACKSON, | ) ) ) | |
| Defendant | ) ) | |

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DISMISSAL OF CASE, MOOTING PLAINTIFF'S MOTIONS**

*Pro se* defendant Olanian Jackson seeks *in forma pauperis* status in connection with his notice of removal of a Maine state court forcible entry and detainer ("FED") action. *See* Notice of Removal (ECF No. 1); Application To Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.") (ECF No. 3). In addition, the plaintiff has filed motions to substitute parties and to dismiss this case. *See* Motion To Substitute Parties (ECF No. 11); Motion To Dismiss (ECF No. 12). For the reasons that follow, I grant the defendant's request for leave to proceed *in forma pauperis* and recommend that the court (i) dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) and (ii) deem the plaintiff's motions to dismiss and to substitute parties moot.

**I. Application To Proceed *in Forma Pauperis***

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In his application to proceed *in forma pauperis*, the defendant declares, under penalty of perjury, that he has monthly income of $994 in Social Security disability payments, $25 in cash or in a checking or savings account, regular monthly expenses totaling $1,071.90, and a 1999 Jeep Cherokee worth $500. *See*

1

IFP Appl. These financial circumstances entitle him to proceed *in forma pauperis*, and his application is granted.

## II. Section 1915(e)(2)(B) Review

### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Actions removed by *pro se* plaintiffs or defendants from state court to federal court also are subject to section 1915(e)(2)(B) review. *See, e.g., Wells Fargo Bank NA v. Carr*, Civil Action No. 18-9066 (JLL), 2018 WL 2192715, at *1 (D.N.J. May 14, 2018) (removal of state court action by defendant); *Grantham v. U.S. Bank Nat'l Ass'n*, No. 5:14-CV-00485-BR, 2015 WL 3618617, at *1 (E.D.N.C. June 9, 2015) (removal of state court action by plaintiff).

### B. Factual Background

This case commenced on June 12, 2017, with the filing by the plaintiff landlord of an FED action in the Maine District Court to evict the defendant from his apartment on the bases that he had:

> (1) used the apartment for unlawful purposes or engaged in unlawful activities in the unit by growing and possessing marijuana; (2) refused access to the bedroom in the apartment used as a marijuana grow room; (3) installed a lock on the bedroom without permission; (4) threatened physical harm to property staff seeking to inspect the bedroom; (5) smoked marijuana in his apartment in violation of a no smoking policy; and (6) grew and possessed marijuana in violation of a zero tolerance drug policy.

*Sherwood Assocs. LP v. Jackson*, 2019 ME 17, ¶¶ 5-6, copy attached as ECF No. 1-5 to Notice of Removal.

The Maine District Court ruled in favor of the plaintiff, determining that the defendant had violated his lease by refusing access to the unit, placing a lock on a part of the unit without written permission, intimidating staff, and possessing marijuana in the unit. *See id.* ¶ 6. The court further found that the notice to quit served upon the defendant was legally sufficient and that there was no evidence of retaliation or discriminatory practices on the landlord's part. *See id.*

The defendant appealed that decision to the Maine Superior Court, which determined that his affidavit "did not raise a genuine issue of material fact that would entitle him to a jury trial and that he had not properly raised any errors of law." *Id.* ¶¶ 7-8. After the Maine Superior Court denied two requests for reconsideration, the plaintiff, represented by new counsel, appealed to the Law Court. *See id.* ¶ 8.

By decision dated January 29, 2019, the Law Court affirmed the judgment of the Superior Court, holding that (i) the evidence was sufficient to support the FED judgment, (ii) the plaintiff landlord provided proper notice to quit the premises, and (iii) there were sufficient bases for the termination of the lease for material noncompliance with its terms apart from the defendant's possession of marijuana, as a result of which the Law Court did not reach the question of "whether federal law has a preemptive effect on Maine's medical marijuana laws." *Id.* ¶¶ 1, 9, 12-14, 18.

On March 3, 2019, the defendant filed his notice purporting to remove that state FED action to this court. *See* Notice of Removal.

## C. Discussion

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011).

The relief that the defendant seeks – essentially, review by this court of the final decision of the Law Court in the FED action against him, *see* Notice of Removal ¶ 40 – is relief that this court has no power to grant. Pursuant to the so-called "*Rooker-Feldman* doctrine," the lower federal courts have no jurisdiction to review final judgments and decisions of state courts. *See, e.g., Lance v. Dennis*, 546 U.S. 459, 460 (2006) (*per curiam*) ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state court losers' challenging 'state court judgments rendered before the [federal] district court proceedings commenced.'") (citation omitted).[1]

This action, accordingly, must be dismissed.[2]

### III. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis* and recommend that the court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B) and deem the plaintiff's motions to dismiss and to substitute parties **MOOT**.

---

[1] The name "*Rooker-Feldman*" derives from the Supreme Court cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *See Lance*, 546 U.S. at 463.

[2] The defendant attaches documents from a separate Maine Human Rights Commission ("MHRC") discrimination proceeding to his Notice of Removal. *See* Notice of Removal ¶¶ 36-38 & ECF Nos. 1-1 to 1-3 thereto. The MHRC proceeding is not part of the FED action that the defendant purports to remove. *See, e.g.*, *Sherwood Assocs.*, 2019 ME 17, ¶ 12.

## NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 5th day of April, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge